IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| STEPHEN WHITE, ET AL., | § | |
| --- | --- | --- |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 2-07-CV-522 (TJW) |
| v. | § | |
| | § | |
| PILGRIM'S PRIDE CORPORATION, ET | § | |
| AL., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Pilgrim's Pride Corporation's ("PPC") and Defendant Lonnie "Bo" Pilgrim's ("Mr. Pilgrim") Motions to Dismiss under Rules 12(b)(1), 12(b)(6) and 9(b) (Dkt. Entry Nos. 14, 20, 22, 23) and related briefing. Having considered the motions, Plaintiffs' response, and applicable law, the Court DENIES each of the Defendants' Motions to Dismiss for the reasons set forth below. Also before the Court is Defendants' Motion for Stay pending the Court's ruling on their motions to dismiss (Dkt. Entry No. 28). This motion is DENIED as moot.

### I. Background

Plaintiffs Stephen White, et al. filed this complaint against PPC and Pilgrim on November 29, 2007 alleging various federal and state claims. Plaintiffs Stephen White, et al. ("Growers") are chicken farmers who grow chickens known as "broilers" for Defendant Pilgrim's Pride Corporation ("PPC"), a chicken processor and dealer referred to as an "integrator" in the chicken industry. Mr. Pilgrim is PPC's founder and CEO. The plaintiffs and

1

PPC operate within a contractual relationship whereby PPC provides the plaintiffs with the chicks, feed, and supplies required to raise chickens. In exchange, the plaintiffs care for the chickens until they reach maturity and are returned to PPC. The plaintiffs' operations are geographically clustered into areas called "complexes." PPC compensates the Growers under a "tournament system," ranking the plaintiffs against other growers in their complex.

In addition to being PPC's chairman, Mr. Pilgrim is also a grower who raises the chickens at his farm. However, he operates under a different system than the plaintiffs. He purchases chicks, feed, and supplies from PPC at market value, raises the chicken and then sells them back to PPC. Mr. Pilgrim is not compensated by PPC under the tournament system. Instead, PPC pays Mr. Pilgrim the lesser of a weekly quoted market price or 102% of his costs. According to the plaintiffs, this arrangement is not available to the Growers.

The plaintiffs have sued PPC and Mr. Pilgrim for unfair dealing under the Packers and Stockyards act of 1921, 7 U.S.C. §§ 181 *et seq* ("PSA") as well as violations of the Texas Deceptive Trade Practices Act ("DTPA") and conspiracy to commit deceptive trade practices. They seek damages arising from breach of contract, fraud, deceptive trade practices and conspiracy. In their complaint, plaintiffs had also sought a declaration that, under the Fair Labor Standards Act, 29 U.S.C. §§201-209 ("FLSA"), they have been employees rather than independent contractors of PPC. Defendants PPC and Mr. Pilgrim have filed motions to dismiss requesting the Court to dismiss plaintiffs' various claims under Rules 12(b)(1), 12(b)(6) and 9(b).

In their response to the defendants' motions to dismiss, plaintiffs assert that they will be

filing an amended complaint removing several of the claims included in their complaint.[1] Specifically, plaintiffs assert that they will be removing from the case, claims for declaratory relief, detrimental reliance, conversion and recoupment, good faith and fair dealing, and accounting against both defendants as well as claims of individual fraud against Mr. Pilgrim. *Response*, p. 4, 8. The Court DISMISSES these claims without prejudice. Defendants' motions to dismiss the remaining claims are addressed below.

## II. Discussion

The legal standard for dismissing claims under FED. R. CIV. P. 12 ("Rule 12") is well established. Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the plaintiff's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* at 1965. The Court must assume that the allegations in the complaint are true. *See id*; *Neitzke v. Williams*, 490 U.S. 319 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 328. The "issue is not whether [the plaintiffs] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th

---

[1] Plaintiffs filed the Response on March 03, 2008, but have yet to file a third amended complaint modifying their pleadings. The Court will allow plaintiffs to amend their complaint removing these claims.

Cir. 1999).

Defendants contend that plaintiffs' claim under the PSA fails because plaintiffs do not assert that PPC's conduct adversely affects competition. Defendants argue that Section 192(a) and (b) have been construed by every appellate court to require the plaintiff to show an adverse effect on competition to prevail under the PSA. Subsequent to defendants' filing of these motions, the Fifth Circuit ruled in favor of a plain-text reading of the PSA, holding that sections 192(a)-(b) do not require a plaintiff to prove an adverse effect on competition to prevail. *Wheeler v. Pilgrim's Pride Corp.*, 536 F.3d 455, 462 (5th Cir. 2008). The Court therefore denies defendants' 12(b)(6) motion to dismiss plaintiffs' PSA claim.

Defendants argue that the Court should dismiss plaintiffs' DTPA claims either under Rules 12(b)(1) or 12(b)(6) because the plaintiffs are not "consumers" under the DTPA and therefore do not have standing to bring this suit. DTPA plaintiffs must qualify as consumers, as that term is defined in the Act, to maintain a private cause of action under section 17.50 of the Act. *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 351-52 (Tex. 1987) (citing TEX. BUS & COM. CODE ANN. § 17.45(4) (Vernon Supp. 1987)). The Act defines a "consumer" as "an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services . . . ." § 17.45(4). Further, the Act defines "goods" as "tangible chattels or real property purchased or leased for use" and "services" as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." § 17.45. Texas courts have recognized at least two requirements to establish DTPA consumer status. *Melody Home Mfg. Co.*, 741 S.W.2d at 351-52

(citing *Sherman Simon Enter., Inc. v Lorac Service Corp.*, 724 S.W.2d 13, 15 (Tex. 1987)). First, the plaintiffs must have sought or acquired goods or services by purchase or lease. *Id.* Second, the goods or services purchased or leased must form the basis of the complaint. *Id.*

From PPC's perspective, plaintiffs merely contracted to provide broiler growing services to PPC and were compensated for those services. They contend that PPC maintained ownership of all chicks, feed and medicine necessary to raise the poultry until maturity for processing. They argue that because the plaintiffs did not purchase or lease any goods or services from PPC, they cannot be considered consumers under the DTPA. With regard to evidence cited in plaintiffs' response showing sale of feed to the plaintiffs by PPC, defendants argue that such evidence should not be considered by the Court in deciding this motion. Alternatively, they argue that these documents contradict assertions in plaintiffs' complaint that PPC provides all the feed to the plaintiff. Defendants further argue that the plaintiffs' contracts with PPC destroy plaintiffs' standing as "consumers."

Plaintiffs respond by arguing that their "consumer" status is established through the transactions they had with the PPC, rather than their contracts. They point to the method used by PPC to calculate feed conversion payments to the plaintiffs at the time of the "settlement" to show that PPC deduct its costs from the value of the mature birds. Plaintiffs argue that in each transaction, PPC specifically identifies individual costs of feed, chicks and medication that the plaintiff has utilized in growing the broilers, in essence making the transaction a sale. Plaintiffs cite both to their contracts with PPC as well as PPC's delivery documents to support their arguments.

Texas courts have made clear that a plaintiff establishes his standing as a consumer, under the Act, in terms of his relationship to a transaction, not by a contractual relationship with the defendant. *Flenniken v. Longview Bank and Trust Co.*, 661 S.W.2d 705, 707 (Tex. 1983) (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 538 (Tex. 1981)). Further, Texas courts have repeatedly emphasized that "the purpose of the DTPA is the protection of consumers from deceptive trade practices, and the act is to be liberally construed to achieve this underlying goal." *Star Houston, Inc. v. Kundak*, 843 S.W.2d 294, 297 (Tex.App.—Hous. 1992, no writ) (citing *McKinley v. Drozd*, 685 S.W.2d 7, 11 (Tex. 1985)). In the Court's view, the plaintiff's pleadings are sufficient to insulate them from dismissal under Rule 12 on the issue of their status as PPC's "consumers." The statements in the plaintiffs' complaint refer to the amount of control exerted by PPC over the activities of the plaintiffs and do not expressly contradict the plaintiffs' contentions with regard to sale of feed by PPC. Plaintiffs have pled that PPC purports to pay them on a "Grower Settlement Basis" defined in their contracts with PPC. Defendants have included one of these contracts with their motion in order to assist the Court in making a determination of whether a claim has been stated. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (stating that such documents are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim). Based on these pleadings, the Court holds that plaintiffs have sufficiently pleaded their consumer status under the DTPA and are entitled to offer evidence to support their argument that their claim is within the scope of the Texas Deceptive Trade Practices Act.

Mr. Pilgrim separately argues that since there is no transaction alleged by the plaintiffs

between them and him, the court should dismiss plaintiffs DTPA allegations against him for lack of standing. Plaintiffs intend to file a third amended complaint. The Court orders the plaintiff plead any such allegations as part of the amended complaint or otherwise show cause as to why this claim should not be dismissed. Defendants may reassert their motion to dismiss on this issue following plaintiffs' filing of the third amended complaint. Further, since the Court has denied PPC's motion to dismiss plaintiffs' DTPA claims against it, Mr. Pilgrim's motion to dismiss the plaintiffs' claim alleging conspiracy to commit violations of sections 17.46 and 17.50 of the DTPA is also denied. *See Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) (holding that "a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable.").

Finally, the Court addresses defendants' motion to dismiss plaintiffs' fraud claims under Rule 9(b) for failure to state the circumstances allegedly constituting the fraud with particularity against both defendants. Absent special circumstances, Fifth Circuit case law cautions the Court against a Rule 9(b) dismissal without granting leave to amend. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) (citing *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991)). Therefore, the Court denies defendants motions to dismiss plaintiffs' fraud claims under Rule 9(b), pending plaintiffs' amended complaint. Defendants may reassert their motion to dismiss on this issue following plaintiffs' filing of the third amended complaint.

It is so ORDERED.

SIGNED this 29th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE